# Brainard *v.* Harrison.

### *Motion to quash Execution for Costs.*

1. *Execution for costs; when properly quashed.*—An execution for costs—or an *alias* or *pluries* execution issued by the clerk, upon plaintiff's staying execution after levy, for the whole amount of the judgment, on which was an endorsement by the clerk, directing the sheriff to collect only a given sum, "his half commissions and the costs of execution, the other costs having been paid"—is properly quashed on motion, if neither the body of the execution nor the endorsements on it, show the amount and items of costs to be collected.

2. *Motion to quash; who must be made party to.*—The sheriff must be made a party to the motion to quash such an execution.

3. *Sheriff; to what commissions entitled.*—Where before issue of execution, the sheriff agreed with the plaintiff to charge, on a sale, commissions

[Brainard v. Harrison.]

only on the amount of the judgment after deducting a set-off, to be ascertained in a pending chancery suit, and thereupon plaintiff caused the issue of execution, the sheriff is entitled to commissions only on the amount of the judgment after deducting the set-off, and not upon the nominal amount.

4. *Execution; what not ground for quashing.*—If execution issue in such a case, for commissions on the nominal amount of the judgment, it would be good ground for motion to re-tax costs, but not for quashing the execution, if regular in other respects.

APPEAL from Circuit Court of Montgomery.
Tried before Hon. JAMES Q. SMITH.
The opinion states the facts.

R. M. WILLIAMSON and E. J. FITZPATRICK, for appellants.

WATTS & TROY, contra.

BRICKELL, C. J.—Charles T. Pollard, as executor of Thomas M. Cowles, recovered in the circuit court judgment against the appellee for a sum exceeding $66,000, besides costs of suit. The judgment was taken by agreement, that it was to be subsequently credited with sets-off due the appellee, the amount of which were ascertainable only on the determination of a suit in chancery. Before the issue of an execution, the sheriff agreed with the attorney of the plaintiff therein, that he would, on a sale, charge commissions only on so much of the judgment as was unextinguished when the amount of the sets-off were ascertained. Relying on this agreement, the attorney caused the execution to issue for the amount of the judgment as rendered, and the sheriff made a levy, but the sale was stayed, by order of plaintiff, and the execution returned. The amount of the sets-off were ascertained, reducing the judgment to about $18,000. *Alias* and *pluries* executions were issued without the request or authority of the plaintiff, and on one of these the attorney of the plaintiff indorsed that it was issued without the direction of the plaintiff and the sheriff would not be held liable for not proceeding on it. The *pluries* execution then issued, which was quashed by the circuit court, on motion of the appellee. The notice of the motion to quash, is addressed to the plaintiff in execution, and to the appellant, the clerk by whom it was issued. The sheriff does not appear to have had any notice of the motion, nor to have participated in resisting it. The plaintiff in execution declined to resist the motion and Brainard, the clerk, alone defended against it. The execution in its body, and in its mandate is silent, as to the amount of costs, which are to be made on it, nor is there appended to it, a copy of the bill of costs. Indorsed upon it

[Brainard *v.* Harrison.]

is a statement signed by the clerk, reciting the issue and levy of the first execution, and that a sale under the levy was stayed by order of the plaintiff, and the execution was still stayed by the plaintiff's order. Therefore the sheriff was directed to make only the half commissions to which the sheriff making the levy was entitled, being $999, and the costs of the execution, the other costs having been paid. The court quashed the execution. The sheriff making the levy, and who is entitled to the commissions, if any one by law is allowable, should have been made a party to the motion to quash, and afforded an opportunity of asserting his rights. This, however, is a defect, not available to any party now before the court. The execution being in its body and mandate, blank as to the amount of costs, which were collectable, and not having a copy of the bill of costs annexed to it, was illegal, and was properly quashed. The statute declares all executions issued without a copy of the bill of costs illegal, and that no sheriff must serve or execute the same. R. C. § 3532. If the indorsement on the execution should be regarded as standing in the place of the copy of the bill of costs, the statute requires, the defect would not be cured. It is blank as to the costs of the execution, stating only the amount of the sheriff's commissions. The object of the statute is, that there shall be furnished the party satisfying an execution, written evidence of the items and amount of costs demanded from him, so that he can protect himself against illegal exactions, and to restrain ministerial officers from extorting fees. The purpose of the statute would be defeated, if an execution which does not specify distinctly the items of costs the sheriff is to collect should be sustained.

The sheriff having agreed with the attorney of the plaintiff to charge commissions only on the amount of the judgment as reduced by the sets-off, if he is entitled to the half commissions, allowed a sheriff or coroner, levying an execution, which before sale, is stated by order of the plaintiff, can charge them only on the reduced, and not the nominal amount of the judgment. The issue of the execution for half commissions on the nominal amount of the judgment was improper. If the execution was regular in other respects, this would have been good ground for motion to retax the costs, but not for quashing the execution. *Spann* v. *Cole*, 13 Ala. 473. The judgment is affirmed.